IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>CLARENDON AMERICA INSURANCE COMPANY; and DOES 1 through 25, inclusive,<br><br>      Defendants. | No. C 05-4653 JSW<br><br>**ORDER GRANTING MOTION TO REMAND** |

Now before the Court is Plaintiff Pennsylvania General Insurance Company's ("Pennsylvania") Motion to Remand to state court the action against Defendant Clarendon America Insurance Company ("Clarendon"). The Court finds the present motion suitable for resolution without oral argument and hereby VACATES the hearing date of January 27, 2006. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Pennsylvania's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a dispute between Pennsylania and Clarendon, which both issued commercial general liability insurance policies to Wayne D. Cochran Construction, Inc. ("WDCC"). (Pennsylvania Complaint ("Compl.") ¶¶ 6-7.)

Around March 1999, WDCC entered into a subcontract with Pavex Construction requiring WDCC to provide the necessary labor and materials to perform certain concrete work

1  in the construction of the Scotts Valley High School.  (*Id*. ¶ 8.)  On or about May 31, 2002, the
2  Scotts Valley Unified School District brought the underlying action ("Scotts Valley Action")
3  against WDCC and other entities, alleging causes of action for negligence, breach of contract,
4  breach of warranty, breach of third party beneficiary contract and professional negligence
5  because of numerous alleged construction deficiencies, including deficiencies related to
6  defective concrete and other work that WDCC and Pavex Construction performed.  (*Id*. ¶ 9.)  In
7  or about September 2003, Pavex Construction brought a cross-complaint against WDCC
8  alleging various causes of action for indemnity, breach of warranties, negligence, breach of
9  contract and declaratory relief.  (*Id*. ¶ 9.)

10  WDCC tendered its defense and indemnity of the Scotts Valley Action to Pennsylvania,
11  and Pennsylvania did defend and indemnify WDCC.  (*Id*. ¶¶ 10-11.)  In or about September
12  2005, Pennsylvania settled the claims for damages alleged against WDCC in the Scotts Valley
13  Action.  (*Id*. ¶ 15.)  WDCC also tendered its defense and indemnity to Clarendon, but
14  Clarendon refused to defend and replied that it had no insuring obligation to WDCC with
15  respect to the Scotts Valley Action claims and allegations.  (*Id*. ¶¶ 12-13.)

16  As a result, Pennsylvania brought the current action in Superior Court for the County of
17  San Francisco against Clarendon on October 20, 2005.  Pennsylvania alleges five causes of
18  action for declaratory relief, equitable contribution, total equitable indemnity, partial equitable
19  indemnity, and subrogation.  Making no dollar demand, Pennsylvania prays, in pertinent part,
20  for relief in "an amount equal to all the sums" it expended in defending and indemnifying
21  WDCC in the Scotts Valley Action, including attorney fees and costs.  Alternatively,
22  Pennsylvania prays for an amount equal to Clarendon's appropriate or proportional share of all
23  defense fees and costs.  Pennsylvania also seeks an award of prejudgment interest, costs of suit,
24  and compensatory damages arising from Clarendon's alleged breach of contract of insurance.

25  On November 10, 2005, Clarendon filed a Notice of Removal in the United States
26  District Court for the Northern District of California.  Clarendon alleged that "the matter in
27  controversy exceeds the sum of $75,000.00 exclusive of interests and costs because the costs of
28  defense allegedly incurred by USF Insurance Company in the defense of the mutual insured

2

1  exceeds [sic] $75,000.00." Clarendon Notice of Removal ("NOR") ¶ 3. Pennsylvania filed this
2  Motion to Remand on December 12, 2005. Pennsylvania argues that Clarendon's conclusory
3  and false allegations fail to meet its burden of showing that the amount in controversy exceeds
4  $75,000. In opposition, Clarendon argues that it has met its burden and that Pennsylvania
5  knows, or should know, that the amount in controversy exceeds $75,000. As a result,
6  Clarendon further argues that the burden shifted to Pennsylvania to show that the amount in
7  controversy does not exceed $75,000.

**ANALYSIS**

**A.    Legal Standard.**

Because federal courts have limited subject matter jurisdiction, the district court may only hear cases arising under federal law or cases between parties of diverse citizenship. 28 U.S.C. §§ 1331, 1332. An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

The party seeking removal has the burden of showing that federal jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When the complaint does not demand a dollar amount, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the minimum requirement of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendants must meet that burden by "proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566. Such facts must appear in the notice of removal itself. *Id*. at 567. Unsubstantiated allegations alone do not suffice. *Id*. The court also may "require parties to submit summary-judgment type evidence relevant to the amount in controversy at the time of

removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

**B.      Pennsylvania's Motion to Remand.**

Because Pennsylvania's state court complaint is silent on the amount of damages Pennsylvania is seeking, Clarendon, as the removing party, bears the burden of establishing by a preponderance of the evidence that this action satisfies the amount in controversy requirement. *See Sanchez*, 102 F.3d at 404.  In its Notice of Removal, Clarendon concluded that the matter in controversy exceeds the amount requirement, furnishing only the explanation that "the costs of defense ***allegedly*** incurred by USF Insurance Company in the defense of the mutual insured exceeds [sic] $75,000.00." NOR ¶ 3 (emphasis added).  The declaration of Matthew Adler, authorized Pennsylvania representative, however, states that USF Insurance Company did not participate in the defense of WDCC in the Scotts Valley Action at any time.  (Adler Decl. ¶¶ 5-7.)  Furthermore, Clarendon has failed to show facts in its Notice of Removal that would support its allegation that USF Insurance Company incurred costs exceeding the jurisdictional amount.  Thus, Clarendon has merely made unsubstantiated allegations failing to establish that the amount in controversy exceeds $75,000.  *See Gaus*, 980 F.2d at 567.  Therefore, Clarendon has failed to meet its burden.  *See Duncan*, 76 F.3d at 1485.

Clarendon offers two arguments in opposition to this motion to remand.  First, Clarendon contends that the allegations of Pennsylvania's complaint indicate that the claim is likely to be in excess of $75,000.  In particular, Clarendon argues that the complaint's references to "all sums expended," the "substantial" sums Pennsylvania has expended in defending and indemnifying WDCC, and Pennsylvania's prayer for compensatory damages and prejudgment interest all suggest that the amount and controversy requirement is met.  Nevertheless, Ninth Circuit law is clear that Clarendon bears the burden to show facts supporting the jurisdictional question "where a plaintiff's state court complaint does not specify a particular ***amount*** of damages." *Sanchez*, 102 F.3d at 404 (emphasis added).  Drawing inferences from the words in Pennsylvania's complaint does not satisfy this burden. *See Gaus*, 980 F.2d at 567.

1  Second, Clarendon relies on an unfiled bad faith complaint, which WDCC intended to file against Clarendon in this Court, to carry its burden. (Clarendon Opposition at 3.) This intended WDCC complaint contains the same incantation that the matter in controversy exceeds, exclusive of interest, $75,000. *Id.* As a preliminary matter, such a showing must appear in the notice of removal itself. *Gaus*, 980 F.2d at 567. This incantation is an unsubstantiated allegation, only this time by another party. Moreover, WDCC's bad faith claim against Clarendon is not probative of facts that would support jurisdiction in this action by Pennsylvania against Clarendon on different theories. Clarendon then cites the fact that the claim against WDCC was resolved for $750,000 on December 29, 2005, to bolster its showing. (*See* Declaration of Karen-Denise Lee ¶ 2.) Evidence, however, must be "relevant to the amount in controversy ***at the time of removal***." *Singer*, 116 F.3d at 377 (emphasis added). Thus, this post-removal settlement amount evidence is not relevant.

Even if Clarendon's showings raised some doubt as to whether the amount in controversy exceeds $75,000, the Court must refuse to exercise jurisdiction if there is any doubt regarding the propriety of removal. *See Duncan*, 76 F.3d at 1485. Therefore, Clarendon has failed to show by a preponderance of the evidence that the amount in controversy requirement is satisfied. Because on this basis, the Court declines to exercise jurisdiction, the Court need not address Clarendon's argument that the burden has shifted to Pennsylvania.

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Pennsylvania's Motion to Remand.

**IT IS SO ORDERED.**

Dated: January 24, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5